IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS

LATASHA NEAL                                                                 PLAINTIFF

v.                            CIVIL NO.       13-2036

CAROLYN W. COLVIN, Commissioner
of Social Security Administration                                        DEFENDANT

**MEMORANDUM OPINION**

Plaintiff brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits (DIB) under Title II of the Social Security Act (Act), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.  Procedural Background:**

Plaintiff filed for a period of disability and disability insurance benefits on March 16, 2011. Tr. 108. The application was denied initially and on reconsideration and Plaintiff requested a hearing on July 22, 2011. Tr. 75. A hearing was held on December 22, 2011 in Fort Smith, Arkansas before Administrative law judge (ALJ) Harold D. Davis. Tr. 26. On February 3, 2012, the ALJ issued a decision finding Plaintiff not disabled. (Tr. 9-29). On December 6, 2012, the Appeals Council found no basis to reverse the ALJ's decision. Tr. 1. Therefore, the ALJ's February 3, 2012 decision became the Commissioner's final administrative decision.

The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform a range of light work activity except she is able to use her hands for frequent reaching, grasping and

fingering but not repetitive. Tr. 17-19. Relying on the testimony of a Vocational Expert, (VE) the ALJ found Plaintiff not disabled because she retained the capacity to perform two of her past relevant work positions at step four of the sequential evaluation. Tr. 20-21.

**II.    Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id*. As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If the court finds it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, the court must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his

disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

**III.   Discussion:**

The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform a range of light work activity except she is able to use her hands for frequent reaching, grasping and fingering but not repetitive. Tr. 17-19. We take issue with this RFC determination.

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. *Id*. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005);*Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v.*

*Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

In the present case, Plaintiff suffers from bilateral carpal tunnel syndrome. In early March 2011, she underwent right carpal tunnel release surgery followed by surgery on her left wrist later that month. Tr. 256, 261, 263. Although the record makes clear that Plaintiff continued to complain of pain in her wrists following surgery, her exact degree of limitation is not clear. In September 2011, Dr. C. Henley examined Plaintiff, but made no notation regarding her grip strength. Tr. 305-306. However, in October 2011, Dr. Brandi Guthrey noted decreased bilateral grip strength, right worse than left. Tr. 308-310. The ALJ dismissed Dr. Guthrey's assessment stating that it was a one time consultative exam. Instead, he relied on Dr Henley's exam, also a one time assessment, to conclude that Plaintiff must only avoid repetitive reaching, grasping, an fingering. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999) (holding that the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence). The ALJ also specifically found that Plaintiff could frequently perform these tasks. We note that repetitive tasks that require bending of the wrists or *grasping with the hands*, including typing, cutting, sewing, playing a musical instrument, overuse of small hand tools, and use of vibrating tools are factors that can contribute to the development of CTS. *See* PHYSICIAN'S DESK REFERENCE, *Carpal Tunnel Syndrome*, http://www.pdrhealth.com/diseases/carpal-tunnel-syndrome (Last accessed February 21, 2014). It seems reasonable that an individual who has undergone surgical correction for CTS might need to avoid these activities, which do not just involve the rapid and repetitive use of their wrists, in order to prevent further complications. Accordingly, remand is necessary to allow the ALJ to reassess the limitations imposed by Plaintiff's carpal tunnel syndrome.

The record also reveals that Plaintiff complained of black outs and mental impairments. A November 2011 treatment note from the John Brown University Care Clinic documents Plaintiff's complaints of black outs, panic attacks, and depression. Other records also support her complaints of depression, as she has been prescribed antidepressants. Although there are no test results indicating the source of Plaintiff's black outs, the ALJ concluded that this was a non-severe impairment. Likewise, he concluded that her depression was non-severe because it was controlled via medication. While we are not necessarily stating that either of these impairments are severe, we do believe further development of the record is warranted. And, we note that although the ALJ might still conclude that these are nonsevere impairments, these impairments must be included in the RFC assessment. *See* 20 C.F.R. § 404.1545(a) (stating both severe and non-severe impairments should be accounted for in the RFC assessment).

V.      **Conclusion**:

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 24th day of February 2014.

*/s/ J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE